UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TINA BERTRAND, § § *Plaintiff* § § VS. § § KATHY F. MOORE, GOVERNMENT § EMPLOYEES INSURANCE COMPANY, § WAL-MART STORES, INC., and XYZ § INSURANCE COMPANY, § § *Defendants*. § | Civil Action No. 5:21-CV-652 |

## DEFENDANT WALMART INC.'S NOTICE OF REMOVAL

Defendant Walmart Inc. ("Walmart"), improperly denominated as Wal-Mart Stores, Inc. in the Petition for Damages, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, removes this action from the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

**I.     Background.**

1.     On June 15, 2020, Plaintiff Tina Bertrand commenced this action by filing a Petition for Damages against Kathy F. Moore and Government Employees Insurance Company in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana. *See* **Exhibit A**.

2.     On December 4, 2020, Plaintiff filed a First Amended Petition adding as defendants to the action Walmart and XYZ Insurance Company, the alleged liability insurer of Walmart. *Id.* Plaintiff served the First Amended Petition on Walmart on December 22, 2020.

3.     On or about December 30, 2020, after Walmart was served, its counsel informally

1

learned from Plaintiff's counsel that Plaintiff had settled with Ms. Moore and her insurance company. Walmart's counsel did not receive the details of the settlement.

4. On February 3, 2021, Walmart filed its Answer to the First Amended Petition. *See* **Exhibit B**. That same day, Walmart served on Plaintiff jurisdictional discovery requests seeking information relevant to the amount of damages Plaintiff sought, namely, whether Plaintiff sought damages in excess of $75,000, exclusive of interest and costs. *See* **Exhibit C**.

5. On February 10, 2021, Plaintiff sent to Walmart's counsel her responses to Walmart's jurisdictional discovery requests. *See* **Exhibit D**. Plaintiff admitted that she sought over $75,000 in damages, exclusive of interest and costs.

6. On or about February 24, 2021, Walmart's counsel contacted Plaintiff's counsel to inquire further about the state of Plaintiff's settlements. Plaintiff's counsel confirmed that Plaintiff had settled with both Ms. Moore and her insurance company, releasing her claims against Ms. Moore and her insurance company for damages arising out of the incident in question, in exchange for a sum certain. Plaintiff's counsel informed Walmart's counsel he was unable to release a copy of the settlement agreement due to a confidentiality provision in the agreement.

7. Because Plaintiff has settled with Ms. Moore and her insurer, they are no longer genuine parties in interest, despite Plaintiff's failure to formally dismiss them from the action. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) ("[T]he test for fraudulent joinder is whether . . . there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.").

8. Walmart is a citizen of Delaware and Arkansas. *See* Section II.A, *infra*.

9. Plaintiff is a citizen of Louisiana. *See* Section II.B, *infra*.

10. This matter is therefore removable based on the complete diversity of citizenship

of the parties, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1132.

11. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

**II.   There is Complete Diversity Between the Parties.**

12. This action is removable pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and where the action is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

**A.   Walmart's Citizenship.**

13. A corporation is deemed to be a citizen of the State in which it is incorporated and of the State of its principal place of business. 28 U.S.C. § 1332(c). When the Amended Petition for Damages was filed in state court and at the time of this removal, Walmart was and is a Delaware corporation, with its principal place of business in Bentonville, Arkansas. Walmart is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. No publicly traded entity owns more than 10% of Walmart.

14. Thus, Walmart is a citizen only of Delaware and Arkansas, and is not a citizen of Louisiana.

**B.   Plaintiff's Citizenship.**

15. Plaintiff, Tina Bertrand, when the Amended Petition for Damages was filed in state court and at the time of this removal, was and is a citizen of Louisiana.

16. "For diversity purposes, citizenship means domicile." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). "In determining a litigant's domicile, the court must address a variety of

factors. No single factor is determinative. . . . The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

17. Plaintiff alleges that she is a resident of Caddo Parish, Louisiana. *See* **Exhibit A**.

18. Additionally, upon information and belief, Plaintiff (i) holds a suspended Louisiana driver's license; (ii) is registered to vote in Louisiana; (iii) currently lives in Louisiana; (iv) maintains a P.O. Box in Louisiana; (v) has previously owned real property in Louisiana; and (vi) owns personal property located in Louisiana, including a 2009 Nissan Altima registered in Louisiana with the license plate number LA 706BWI.

19. Upon information and belief, Plaintiff has not exercised the factors indicative of citizenship, as described in *Coury*, in any State other than Louisiana.

20. Thus, Plaintiff is a citizen only of Louisiana.

**C. Ms. Moore is No Longer a Real Party in Interest.**

21. Plaintiff's Petition for Damages includes as a defendant Kathy F. Moore, who appears to be a citizen of Louisiana.[1] *See* **Exhibit A** ¶ 1.

22. Upon information and belief, since filing the Petition for Damages, however, Plaintiff has executed a written settlement agreement with Ms. Moore and her insurer. Upon information and belief, including communications with Plaintiff's counsel, the settlement

---

[1] Although Plaintiff's Petition for Damages alleged only Ms. Moore's residency, upon information and belief, Walmart understands Ms. Moore to be a citizen of Louisiana such that her inclusion as a defendant would destroy complete diversity of citizenship of the parties. *See Int'l Energy Ventures Mgmt, L.L.C. V. United Energy Grp, Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.") (quotations omitted).

agreement has released Plaintiff's claims against Ms. Moore and her insurer for damages arising out of the incident in question, in exchange for a sum certain. Accordingly, the settlement agreement is a valid "compromise" under Louisiana law. *See* La. Civ. Code arts. 3071, 3072; *Landry v. Eagle, Inc.*, 2012 WL 2338736, at *3 (E.D. La. June 19, 2012) ("Under Louisiana law, an agreement to settle a lawsuit is referred to as a 'compromise.' . . . [A] compromise must generally be made in writing and signed by both parties in order to be valid."); *Hargrove v. Bridgestone/Firestone North Am. Tire, LLC*, 2012 WL692410, at *4 (W.D. La. Mar. 2, 2012) ("Plaintiff's express, written agreement to accept a sum certain to terminate litigation against the non-diverse defendants and those defendants' agreement to pay that sum constitutes a compromise as defined by Louisiana law.").

23. Thus, Ms. Moore is no longer a real party in interest in this case. *See Smallwood*, 385 F.3d at 573 ("[A] defendant [may] remove to a federal forum unless an in-state defendant has been 'properly joined.'. . . [T]he test for fraudulent joinder is whether . . . there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.").

24. Because the only real parties in interest—Plaintiff and Walmart—are completely diverse from each other, this action is removable despite Plaintiff's failure to formally dismiss Ms. Moore as a defendant. *See Goodman v. Nationwide Agribusiness Ins. Co.*, 2019 WL 5791452, at *3 (M.D. La. Oct. 21, 2019) ("Where a plaintiff has 'effectively eliminated' the nondiverse defendant(s) via a settlement, a case becomes removable."); *Hargrove*, 2012 WL692410 at *3 ("When, as here, there is a voluntary action by the plaintiff, i.e., the execution of settlement documents showing no intention of proceeding against those particular defendants, the case becomes removable.").

### III. The Amount in Controversy Exceeds $75,000.

25. For removal under 28 U.S.C. § 1332(a)(1), "the matter in controversy" also must "exceed[] the sum or value of $75,000.00, exclusive of interest and costs." This jurisdictional fact may be established by "an amended pleading, motion, order, or other paper." 28 U.S.C. § 1446(b).

26. Plaintiff has admitted that she is "seeking damages in excess of $75,000 (exclusive of interest and costs)." *See* **Exhibit D** (Plaintiff's Responses to Walmart's Interrogatories, Requests for Production of Documents and Requests for Admission); *Matute v. Wal-Mart Stores, Inc.*, 2019 WL 2396870, at *4 n.6 (W.D. La. May 21, 2019) ("Under the [Federal Courts Jurisdiction and Venue Clarification Act of 2011], 'information relating to the amount in controversy in the record of the State proceeding, *or in responses to discovery*, shall be treated as an "other paper" under subsection (b)(3).'") (emphasis added).

27. Plaintiff is seeking "[a]ll damages established through ongoing discovery," including those for, *inter alia*, physical pain and suffering, mental pain and anguish, medical bills, and past, present, and future physical disabilities. *See* **Exhibit A** ¶ 7.

28. Thus, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

### IV. Removal is Timely.

29. Removal is timely under 28 U.S.C. § 1446(b)(3).

30. Plaintiff served Walmart with a copy of the Amended Petition for Damages on December 22, 2020.

31. The Amended Petition for Damages did not establish a basis for removal because it did not affirmatively establish that the amount in controversy exceeds $75,000. *See* Compl. ¶

12 (stating only "over $20,000 in medical expenses"); *Harden v. Field Memorial Comm. Hosp.*, 265 Fed. App'x 405, 408 (5th Cir. 2008) ("While the amended complaint suggests that Harden suffered significant injury, we cannot conclude that it was 'unequivocally clear and certain' that damages exceeded $75,000."); *Matute*, 2019 WL 2396870 at *3 ("To trigger § 1446(b)'s first 30 day removal period, the initial pleading must include a specific allegation that damages are in excess of the federal jurisdictional amount. . . . Here, plaintiff's original petition does not contain any such allegation; thus, the initial 30 day removal window was not triggered.") (quotation marks omitted); *Borill v. Centennial Wireless, Inc.*, 872 F. Supp. 2d 522. 525 (W.D. La. 2012) ("In this matter, the initial Petition for Damages does not include a specific monetary demand, and thus, it does not 'affirmatively reveal[ ] on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'") (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992)).

32. The Amended Petition for Damages also did not establish a basis for removal because it alleged only Plaintiff's *residence*, not her *citizenship*. *See Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 815 (5th Cir. 2007) ("A party's residence alone does not establish domicile."). On February 4, 2021, Walmart received, for the first time, records establishing the jurisdictional facts regarding Plaintiff's citizenship described in paragraph 18, *supra*.

33. The Amended Petition for Damages also did not establish a basis for removal because it included a non-diverse defendant, Kathy F. Moore. *See Int'l Energy Ventures Mgmt, L.L.C. V. United Energy Grp, Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.") (quotations omitted).

34. The thirty-day period for removal under 28 U.S.C. § 1446(b)(3) commenced, at the earliest, on February 10, 2021, when Plaintiff responded to Walmart's requests for admission admitting that she is "seeking damages in excess of $75,000 (exclusive of interest and costs.")."  *See* **Exhibit D**.

35. Removal therefore is timely because Walmart is filing this Notice of Removal "within 30 days after receipt . . ., through service or otherwise, of . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## V.   Venue is Proper.

36. The 1st Judicial District Court for the Parish of Caddo, State of Louisiana, is located within the Western District of Louisiana. Consequently, under 28 U.S.C. § 1441(a), this action is properly removed to this Court.

## VI.   Conclusion

37. As Walmart has timely and properly filed this Notice of Removal and met this Court's jurisdictional requirements, this Court should permit the removal of Plaintiff's underlying state court action in keeping with 28 U.S.C. §§ 1332, 1441, and 1446. Upon filing this Notice of Removal, Walmart will promptly give written notice of the same to Plaintiff, through her attorneys of record, and the Clerk of the District Court.

WHEREFORE, by reasons of the foregoing, Walmart respectfully requests that this Notice of Removal be accepted as adequate under federal law, and that Plaintiff's state court action, Case. No. 624279-A, on the docket of the 1st Judicial District Court, in and for the Parrish of Caddo, State of Louisiana, be removed from that court to the United States District Court for the Western District of Louisiana, and that this Court assume full and complete jurisdiction over the case

issuing all necessary orders along with any other relief that the Court deems just and proper, including, but not limited to, an order dismissing Kathy F. Moore and Government Employees Insurance Company from this action.

Dated: March 12, 2021.

                Respectfully Submitted,

                **CHADWICK & ODOM, LLC**

                /s/ R. O'Neal Chadwick, Jr.
                R. O'Neal Chadwick, Jr. (#19517)
                Gregory B. Odom, II (#33470)
                P.O. Box 12114
                Alexandria, LA 71315
                Telephone: (318) 445-9899
                Facsimile: (318) 445-9470
                Attorneys for Walmart Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served on all counsel of record by depositing same in the United States mail, properly addressed and postage prepaid, or by fax or email, the 12th day of March 2021.

                /s/ R. O'Neal Chadwick, Jr.
                Counsel of Record